IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:08-cr-00367-TLW-2 |
| v. | **Order** |
| Sammy Hardison Shine | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The Court's prior order on this motion provided a detailed explanation of the factual and legal background of this case and the Court incorporates that discussion here. ECF No. 579.

Briefly, the Court concluded that Defendant was eligible for a First Step Act reduction and the remaining question was whether a resentencing without the career offender designation was mandated by the Fourth Circuit's recent decision in *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). The Court found that it was proper to conclude that *Chambers* required the correction of the retroactive Guidelines error and therefore granted Defendant's motion. The Court then calculated his non-career offender Guidelines range at 168 to 210 months, based on a total offense level of 37 and criminal history category of IV, less five levels for the prior § 5K1.1 reduction. The Court also directed the Government to respond and state whether it conceded that Defendant is no longer a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) and whether it agreed with the above

Guidelines calculation. The Court also gave both parties an opportunity to comment regarding an appropriate sentence. ECF No. 579.

In its response, the Government agreed that Defendant's Guidelines range should be recalculated in light of *Simmons*. ECF No. 581 at 1. The Government stated, "In this case, as in *Chambers*, [Defendant's] career offender designation was based on North Carolina drug convictions which no longer qualify as career offender predicates based on [*Simmons*]. As this Court has noted, based on *Chambers*, a *Simmons* Guidelines error 'must be corrected in a First Step Act resentencing.'" *Id.* (quoting *Chambers*, 956 F.3d at 668). The Government also agreed that the above Guidelines calculation is correct. *Id.* at 1–2. The Government did not take a position in opposition to a sentence within the revised Guidelines range and instead left it to the sound discretion of the Court. *See id.* at 2. Defendant did not file a response, having outlined his position in detail in the earlier briefing.

In determining an appropriate sentence, the Court carefully considered the *Chambers* decision, the Government's response, and Defendant's motion. In addition, the Court considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. Defendant is now sentenced to a term of imprisonment of 175 months or time served, whichever is greater.[1] His

---

[1] Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), should a sentence of time served constitute an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See, e.g., United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3–4 (W.D. Va. Feb. 22, 2019) ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment.

2

supervised release term remains 10 years, as required by statute. An amended judgment will follow.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 9, 2020
Columbia, South Carolina

---

. . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").