UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Sammy Hardison Shine | Crim. No. 4:08-cr-00367-TLW-2<br><br>**Order** |

This matter comes before the Court for consideration of Defendant Sammy Hardison Shine's motion for reconsideration of the order denying his motion for compassionate release. For the reasons stated below, the Court denies the motion.

"Because there is no provision in the Federal Rules of Criminal Procedure that governs a motion for reconsideration, courts are guided by analogy to the standards established by the civil rules." *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citation omitted). Under the civil rules, a Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

As discussed in more detail in the order ruling on Shine's compassionate release motion, ECF No. 591, he was convicted of conspiracy to distribute 50 grams or more of crack and 5 kilograms or more of cocaine. The Court originally sentenced him to 210 months' imprisonment. ECF No. 294. Approximately 10 years later, the Court reduced his sentence to 175 months pursuant to the First Step Act of 2018.

ECF No. 582.

In June 18, 2020, Defendant filed a *pro se* motion for compassionate release, alleging he was hospitalized after contracting COVID-19, is a diabetic with high blood pressure, and has a "heart rattle." ECF No. 579-580. The Court, noting the alleged medical issues, found the Defendant had not established "extraordinary and compelling reasons" that warrant "compassionate release." ECF No. 591. Specifically, the previous order states, "while Defendant alleges he suffers for underlying physical ailments that increase the risk for contracting COVID-19 and that he, in fact, has already contracted COVID-19, the defendant does not offer medical documentation to establish these allegations." *Id*. The Court also noted that at the time of the presentence report, the defendant stated that he was in good physical health and that he was not under doctor's care or taking any prescribed medication. *Id* at 8. Additionally, the Court concluded the Defendant, a substantial, armed drug dealer who was held accountable for 67 kilograms of crack and 20 kilograms of cocaine, still posed a danger to the community after an analysis of the 3553(a) factors provided in § 3142(g).

In Shine's one-page motion for reconsideration, he raises concerns relating to social distancing in his BOP facility. See ECF No. 593 at 1. "I'm addressing this in such urgency other than the fact of being at Butner Camp there is [sic] no way to put social space between one another." *Id*. Additionally, he raises that his mother was diagnosed with COVID-19, and his desire to care for her. *Id*.

The Court concludes that Plaintiff's reasons for reconsideration, "social

spacing," his mother's COVID-19 diagnosis, and documentation related to rehabilitation, are not a sufficient basis to warrant reconsideration of the Court's prior order. Accordingly, Shine's motion for reconsideration, ECF No. 593, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*

Terry L. Wooten
Senior United States District Judge

April 6, 2022
Columbia, South Carolina